# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANCE BLAINE,<br><br>            Plaintiff,<br><br>    v.<br><br>DARRELL ADAMS, et al.,<br><br>            Defendants. | CASE NO. 1:05-cv-00088-OWW-SMS PC<br><br>ORDER GRANTING DEFENDANTS' MOTION TO COMPEL, AND REQUIRING PLAINTIFF TO SERVE RESPONSES TO DEFENDANTS' DISCOVERY REQUESTS WITHIN THIRTY DAYS<br><br>(Doc. 47) |

     Plaintiff Vance Blaine ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's amended complaint, filed September 5, 2005, against defendants Wu, Han, Gonzales, Bhatt, Dwivedi, Wright, Jeffries, and Sweeney for acting with deliberate indifference to his serious medical needs, in violation of the Eighth Amendment. (Doc. 15.) On December 18, 2006, defendants Wu, Bhatt, Wright, Jeffries, and Sweeney ("defendants") filed a motion for a court order compelling plaintiff to respond to their interrogatories and request for the production of documents, served on October 3, 2006.[1] (Doc. 47.) Plaintiff did not file a response. Local Rule 78-230(m).

     In civil rights actions filed in this court by prisoners proceeding pro se, discovery may not be conducted until the court issues its scheduling and discovery order, which does not occur until an answer is filed. (Doc. 7, ¶8.) The scheduling and discovery order was not issued in this case until October 27, 2006. (Doc. 38.) Accordingly, defendants prematurely served their discovery requests

---

[1] Defendants Han and Gonzales have not been located and served yet. Defendant Dwivedi waived service but has not yet made an appearance in this action.

on plaintiff. However, plaintiff at no time sought clarification or an extension of time from the court, and plaintiff did not respond to defendants' motion to compel. Defendants are entitled to seek discovery from plaintiff and plaintiff may not ignore their requests. To that end, plaintiff shall be required to serve responses to defendants' discovery requests.

Defendants request that plaintiff be required to respond within fifteen days. Given that plaintiff is incarcerated, fifteen days is likely not sufficient to allow plaintiff to draft and serve responses. In light of that reality and in light of the fact that defendants prematurely served their discovery requests, plaintiff will be given thirty days within which to respond. <u>Plaintiff is warned that the failure to cooperate during discovery, including the failure to comply with this order, will result in the imposition of sanctions</u>. Fed. R. Civ. P. 37(b), (d). Should plaintiff need additional time, he must file a motion seeking an extension of time and support the motion with a showing of good cause. Plaintiff may not disregard this order or defendants' discovery requests.

Based on the foregoing, it is HEREBY ORDERED that:

1. Defendants' motion to compel, filed December 18, 2006, is GRANTED;
2. Within **thirty (30) days** from the date of service of this order, plaintiff shall serve defendants' counsel with responses to defendants' interrogatories and request for the production of documents; and
3. <u>Plaintiff is warned that the failure to cooperate during discovery, including the failure to comply with this order, will result in the imposition of sanctions.</u>

IT IS SO ORDERED.

**Dated:   January 24, 2007**             /s/ Sandra M. Snyder
icido3                                         UNITED STATES MAGISTRATE JUDGE