1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9  VANCE BLAINE,                          CASE NO. 1:05-cv-00088-LJO-SMS PC

10                    Plaintiff,           FINDINGS AND RECOMMENDATIONS
                                           RECOMMENDING DEFENDANTS' MOTION
11        v.                               FOR DISMISSAL OF THIS ACTION OR
                                           PRECLUSION OF EVIDENCE AS A
12  DARRELL ADAMS, et al.,                 DISCOVERY SANCTION BE DENIED, BUT
                                           RECOMMENDING THAT PLAINTIFF BE
13                    Defendants.          REQUIRED TO SERVE A PROPER
                                           DISCOVERY RESPONSE AND WARNED
14                                         THAT IF HE DOES NOT, THIS ACTION MAY
                                           BE DISMISSED AS A SANCTION
15
                                           (Doc. 65)
16
                                           OBJECTIONS DUE WITHIN THIRTY DAYS
17  _____/

18
19  I.     Defendants' Motion to Compel

20         A.     Relevant Procedural History

21         Plaintiff Vance Blaine ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis

22  in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on plaintiff's

23  amended complaint, filed September 9, 2005, against defendants Wu, Han, Gonzales, Bhatt,

    Dwivedi, Wright, Jeffries, and Sweeney for acting with deliberate indifference to plaintiff's serious
24
    medical needs, in violation of the Eighth Amendment.  Pursuant to the court's order of October 27,
25
    2006, the discovery phase of this litigation opened between plaintiff and defendants Wu, Bhatt,
26
    Wright, Jeffries, and Sweeney. (Doc. 38.)  After waiving service and making an appearance in this
27
    action, discovery was opened between plaintiff and defendant Dwivedi on February 7, 2007. (Doc.
28

1

53.) Finally, on March 9, 2007, application of the February 7, 2007, discovery and scheduling order was extended to defendant Gonzales, following his waiver of service and an appearance in this action.

On December 18, 2006, defendants Wu, Bhatt, Wright, Jeffries, and Sweeney filed a motion for an order compelling plaintiff to respond to their interrogatories and request for the production of documents, served on October 3, 2006.  Plaintiff did not file a response to the motion, and on January 26, 2007, the court issued an order granting defendants' motion and requiring plaintiff to serve defendants' counsel with responses to defendants' interrogatories and request for the production of documents within thirty days.  On February 6, 2007, plaintiff filed an objection to defendants' motion to compel and contended that he served a response on January 10, 2007.  On February 9, 2007, the court issued an order addressing plaintiff's objection, informing plaintiff that he did not file a timely objection to defendants' motion to compel and the motion had already been granted, and informing plaintiff that if he had responded to defendants' discovery requests on January 10, 2007, he thereby satisfied the court's order.

On March 9, 2007, defendants filed a motion seeking dismissal of this action or for other sanctions based on plaintiff's failure to serve them with discovery responses in compliance with the court's order of January 26, 2007.  Plaintiff did not file a response, and on May 9, 2007, the court ordered plaintiff to file an opposition or a statement of non-opposition.  Plaintiff filed an opposition on June 11, 2007.

B.    Motion Seeking the Imposition of Sanctions

Defendants Wu, Bhatt, Wright, Jeffries, and Sweeney served interrogatories and a request for the production of documents on plaintiff on October 3, 2006.  On January 26, 2007, plaintiff was ordered by the court to serve a response within thirty days.  Defendants contend that plaintiff did not comply with the court's order because plaintiff did not serve them with a *proper* response to their discovery requests.  Defendants contend that although plaintiff served a purported response on January 10, 2007, the document is not responsive to their interrogatories or request for the production of documents.  As sanctions for failing to obey the court's order granting their motion

///

2

to compel, defendants seek either the dismissal of this action or an order precluding plaintiff from introducing any evidence concerning his contentions in this matter

In his opposition, plaintiff stands by his position that his response on January 10, 2007, satisfied the court's order.

Plaintiff is required to "furnish such information as is available" to him in responding to defendants' interrogatories. Fed. R. Civ. P. 33(a). Plaintiff must either answer or object to each interrogatory separately, under oath. Fed. R. Civ. P. 33(b)(1). If plaintiff objects to an interrogatory, he must give the reasons for his objection. Id. Plaintiff is also required to produce documents which are in his "possession, custody or control" in responding to defendants' request for the production of documents. Fed. R. Civ. P. 34(a). Plaintiff must respond to each request separately and either produce the document or object to the production. Fed. R. Civ. P. 34(b).

A party who fails to obey a court order to provide discovery may be sanctioned through the preclusion of evidence or the dismissal of the action, one or the other of which is sought by defendants in this case. Fed. R. Civ. P. 37(b)(2). "Where the drastic sanctions of dismissal or default are imposed . . . the losing party's non-compliance must be due to willfulness, fault or bad faith." Henry v. Gill Industries, Inc., 983 F.2d 943, 946 (9th Cir. 1993); Fjelstad v. American Honda Motor Co., 762 F.2d 1334, 1337 (9th Cir. 1985). "[D]isobedient conduct not shown to be outside the control of the litigant is all that is required to demonstrate willfulness, bad faith, or fault." Henry, 983 F.2d at 948 (quoting Fjelstad, 762 F.2d at 1341.) To determine whether to impose a severe sanction of dismissal or default, a court considers:

1.     The public's interest in expeditious resolution of litigation;

2.     The court's need to manage its docket;

3.     The risk of prejudice to the party seeking sanctions;

4.     The public policy favoring disposition of cases on their merits; and

5.     The availability of less drastic sanctions.

Valley Engineers, Inc. v. Electric Engineering Co., 158 F.3d 1051, 1057 (9th Cir. 1998); In re Exxon Valdez, 102 F.3d 429, 433 (9th Cir. 1996); Henry, 983 F.2d at 948; United States v. Kahaluu Constr. Co., Inc., 857 F.2d 600, 603 (9th Cir. 1988); Thompson v. Housing Auth. of City of Los Angeles,

3

1   782 F.2d 829, 831 (9th Cir.), *cert. denied*, 479 U.S. 829, 107 S.Ct. 112 (1986).  "What is most

2   critical for case-dispositive sanctions, regarding risk of prejudice and of less drastic sanctions, is

3   whether the discovery violations 'threaten to interfere with the rightful decision of the case.'" Valley

4   Engineers, 158 F.3d at 1057 (quoting Adriana International Corp. v. Thoeren, 913 F.2d 1406, 1412

5   (9th Cir. 1990), *cert. denied*, 498 U.S. 1109, 111 S.Ct. 1019 (1991)).

6          For each defendant, defendants served eight interrogatories seeking (1) all facts supporting

7   plaintiff's contention that the defendant violated his civil or constitutional rights, (2) identification

8   of the civil or constitutional right violated by the defendant, (3) a description of the incident

9   involving the defendant which plaintiff contends constituted a violation of his rights, (4) all facts

10  supporting plaintiff's contention that he sustained injury or damage as a result of the defendant's acts

11  or omissions, (5) identification of all documents supporting plaintiff's contention that the defendant

12  violated his rights, (6) identification of all documents supporting plaintiff's contention that plaintiff

13  suffered injury or harm as a result of the acts or omissions, (7) identification of all witnesses plaintiff

14  intends to call at trial to support his contention that the defendant violated his rights, and (8)

15  identification of all witnesses plaintiff intends to call at trial to support his contention that he suffered

16  injury or damage as a result of the defendant's acts or omissions violated his rights.  (Doc. 47-4.

17  MTC, ROGs.)

18         For each defendant, defendants sought (1) all documents supporting plaintiff's contention

19  that he exhausted all administrative remedies, (2) all documents supporting plaintiff's contention that

20  the defendant violated his civil or constitutional rights, (3) all documents supporting plaintiff's

21  contention that he suffered injury or harm as a result of the defendant's purported acts or omissions,

22  and (4) all medical records relating to the care and treatment plaintiff received for the injuries alleged

23  in the complaint.  (Doc. 47-5. MTC, PODs.)

24         The court has reviewed plaintiff's response served January 10, 2007, and it does not comply

25  with the Federal Rules of Civil Procedure.  (Doc. 83, Exhibits.)  Plaintiff's objection that the requests

26  are unreasonably duplicative is without merit.  (Id., pg. 1.)  Defendants' discovery requests are

27  proper and plaintiff is required to clearly answer or object to each interrogatory and document

28  production request separately.  Fed. R. Civ. P. 33(b).  Although plaintiff addresses each defendant

4

1  separately, his response is best described as vague narrative and is not responsive to the individual

2  questions asked by defendants.  In addition, plaintiff provided a witness list.  (Id., pgs. 2-13.)

3        As for the document requests, it appears that plaintiff's position is that he does not have

4  access to his documents because his excess legal material, including documentation of inmate

5  appeals and documents relating to his hearing aid batteries, were packed and either disposed of or

6  mailed out by Correctional Officer Flippen on August 8, 2005. (Id., pgs. 17-18.)  Although plaintiff

7  is not required to produce documents not in his possession, custody or control, plaintiff must respond

8  to each document request and either produce it or object and explain why he cannot produce it so

9  that defendant's counsel can ascertain which documents plaintiff does and does not have access to.

10  Fed. R. Civ. P. 34(b).

11        Defendant's counsel sent two letters to plaintiff in an attempt to resolve this dispute and

12  explain to plaintiff why his January 10 response was not adequate.  (Doc. 65, Exhibits A, B.)

13  Counsel's letters were clear as to the deficiencies in plaintiff's answer, and the court is having

14  difficulty ascertaining why plaintiff is maintaining his position that he responded properly.

15  Plaintiff's position that defendants are abusing discovery and seeking information outside the scope

16  of discovery is completely devoid of merit.  (Doc. 82.)  To the extent plaintiff is taking the position

17  that the court issued an order leading him to believe his response was sufficient, plaintiff is incorrect.

18  The court merely stated in its order of February 9, 2007, that if plaintiff served a response to

19  defendants' discovery requests, plaintiff had satisfied the court's order.  (Doc. 61 .)  The statement

20  was based on plaintiff's assertion that he had served a response, which the court presumed to be a

21  proper response absent notification to the contrary by defendants.  The court took no position on

22  whether the response purportedly served by plaintiff was in fact adequate to discharge his duty to

23  respond to defendants' discovery requests.  As the court notified plaintiff in a subsequent order filed

24  on February 22, 2007, if defendants were dissatisfied with plaintiff's response, they were acting

25  properly by attempting to resolve it with him prior to seeking further court intervention.  (Doc. 64.)

26        In this instance, there is no basis for imposing the drastic sanction of dismissal on plaintiff,

27  *at this juncture*.  Plaintiff is a prisoner proceeding pro se and plaintiff did serve a response to

28  ///

1  defendants' discovery, albeit a deficient one.  Thus, this is not a situation where plaintiff blatantly
2  disregarded defendants' discovery requests entirely.

3      Precluding plaintiff from introducing any of the evidence at issue in defendants' discovery
4  requests, which would effectively preclude plaintiff from introducing any evidence in support of his
5  claims, is also too harsh in light of the circumstances set forth above.  However, the court will not
6  allow plaintiff to evade providing defendants with the discovery they seek while continuing to
7  prosecute this case and seek discovery from defendants.  The record reveals that plaintiff is capable
8  of drafting and serving comprehensive discovery requests on defendants, and the court is not
9  persuaded that plaintiff is unable to provide an adequate response to defendants' discovery requests.
10  Indeed, while responding may take some time, defendants' requests are drafted in clear,
11  uncomplicated language and seek basic information concerning plaintiff's claims and injuries, all
12  of which are clearly within the scope of discovery.

13      Plaintiff is required to serve a proper response to defendants' interrogatories and request for
14  the productions of documents, as defined by the Federal Rules of Civil Procedure and this Findings
15  and Recommendations.   If plaintiff needs additional time to respond to the four sets of
16  interrogatories and the request for the production of documents, he may seek an extension of time.
17   However, plaintiff may not fail to serve a proper response, which requires responding to each
18  question or request individually.   In recommending that defendants' motion for dismissal or
19  preclusion of evidence be denied as too harsh of a sanction, the court recommends that plaintiff be
20  warned that if he fails to serve a response that complies with the court's order, the court will consider
21  dismissing this action as a sanction. Defendants are entitled to the discovery they seek from plaintiff,
22  and plaintiff should not be permitted to avoid responding to discovery while continuing to proceed
23  with the action he filed against them.

24      Based on the foregoing, it is HEREBY RECOMMENDED that:

25  1.      Defendants Wu, Bhatt, Wright, Jeffries, and Sweeney's  motion seeking dismissal
26         of this action or preclusion of evidence based on plaintiff's failure to serve them with
27         discovery responses in compliance with the court's order of January 26, 2007, filed
28         March 9, 2007, be DENIED; and

1          2.      Plaintiff be required to serve a proper response to defendants' discovery requests, as

2          detailed in this Findings and Recommendations, within thirty days, and warned that

3          if he fails to do so, this action may be dismissed as a sanction against him.[1]

4        These Findings and Recommendations will be submitted to the United States District Judge

5    assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30)**

6    **days** after being served with these Findings and Recommendations, the parties may file written

7    objections with the court.  The document should be captioned "Objections to Magistrate Judge's

8    Findings and Recommendations."  The parties are advised that failure to file objections within the

9    specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d

10   1153 (9th Cir. 1991).

11

12   IT IS SO ORDERED.

13   **Dated:   September 13, 2007**             **/s/ Sandra M. Snyder**

                                    UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff is placed on notice that the requirement that plaintiff serve a response within thirty days does *not* become an operative order the objection period expires and the Honorable Lawrence J. O'Neill issues an order adopting this Findings and Recommendations in full, should he choose to do so.