# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANCE BLAINE,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>DARRELL ADAMS, et al.,<br><br>　　　　　　Defendants.<br>_____/ | CASE NO. 1:05-cv-00088-LJO-SMS PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO EXHAUST BE GRANTED IN PART AND DENIED IN PART, AND PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT BE DENIED FOR FAILURE TO COMPLY WITH LOCAL RULE 56-260<br><br>(Docs. 79 and 98)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

**Findings and Recommendations on Defendants' Motion to Dismiss and
Plaintiff's Motion for Summary Judgment**

**I.    Procedural History**

Plaintiff Vance Blaine ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's amended complaint, filed September 9, 2005, against Defendants Wu, Han, Gonzales, Bhatt, Dwivedi, Wright, Jeffries, and Sweeney ("Defendants") for acting with deliberate indifference to his serious medical needs, in violation of the Eighth Amendment.

///

///

///

///

On June 11, 2007, Plaintiff filed a motion for summary judgment, and on November 27, 2007, Defendants filed a motion to dismiss for failure to exhaust the available administrative remedies. (Docs. 79, 98.) Plaintiff filed an opposition to Defendants' motion to dismiss on December 17, 2007.[1] (Doc. 99.)

## II.     Defendants' Motion to Dismiss

### A.     Exhaustion Requirement

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 127 S.Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532, 122 S.Ct. 983 (2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which Defendants have the burden of raising and proving the absence of exhaustion. Jones v. Bock, 127 S.Ct. 910, 921 (2007); Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

///

---

[1] Plaintiff was provided with notice of the requirements for opposing an unenumerated Rule 12(b) motion on June 28, 2006. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003). (Doc. 18.)

**B.     Discussion**

The California Department of Corrections and Rehabilitation has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1 (2008). The process is initiated by submitting a CDC Form 602. Id. at § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Id. at § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. Id. at §§ 3084.5, 3084.6(c). CDCR also has a process which allows inmates with disabilities to request a reasonable modification or accommodation by submitting a CDC Form 1824. Id. at § 3085(a). Inmates may appeal any decision they are dissatisfied with by attaching the 1824 form to a 602 appeal form and submitting it to the second formal level of review. Id. § at 3085(b). In order to satisfy section 1997e(a), California state prisoners are required to use the available process to exhaust their claims prior to filing suit. Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2383 (2006); McKinney, 311 F.3d at 1199-1201.

Defendants Gonzales, Bhatt, Wright, and Sweeney contend that none of Plaintiff's allegations against them were pursued through the Director's Level of appeal, and Defendants Wu, Jeffrey, and Dwivedi contend that many of the allegations against them were not pursued through the Director's Level of appeal. Defendants Gonzales, Bhatt, Wright, and Sweeney seek dismissal of all claims against them, and Defendants Wu, Jeffrey, and Dwivedi seek dismissal of the claims against them which are unexhausted.

The exhaustion requirement allows "a prison to address complaints about the program it administers before being subjected to suit . . . ." and "[t]he level of detail necessary in a grievance" to satisfy the exhaustion requirement depends on the prison's requirements, not on section 1997e(a). Jones, 127 S.Ct. at 923. In this instance, the applicable regulation provides that an inmate "may appeal any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Tit. 15, § 3084.1(a). The form inmates are required to utilize

///

3

requests that the inmate describe the problem and set forth the action or modification/accommodation requested. Id. at §§ 3084.2(a), 3085; Doc. 98-3, Ex. B, pgs. 10, 16.

The Court rejects Defendants' argument that Plaintiff was required to identify each individual by name in the appeal and grieve each fact at every turn in what were ongoing medical issues in order to satisfy the exhaustion requirement. That level of detail simply is not required unless the prison grievance process itself commands it, which it does not in California. Tit. 15, § 3084.1(a); Jones, 127 S.Ct. at 923; Butler v. Adams, 397 F.3d 1181, 1183 (9th Cir. 2005) (reasonable modification/accommodation form did not require identification of specific individuals). The Court further rejects Defendants' argument that exhaustion always requires pursuit of an appeal through the Director's Level of review. The governing regulations impose no such requirement, and it is not the law of this Circuit that a Director's Level response is always required to satisfy section 1996e(a). Brown v. Valoff, 422 F.3d 926, 935-36 (9th Cir. 2005). Rather, what is required will dependent upon prison officials' response to the appeal. "[E]ntirely pointless exhaustion" is not required. Brown, 422 F.3d at 936.

The format of Plaintiff's amended complaint makes it somewhat difficult to sort out what are the legal claims against each Defendant versus what are simply background facts. Nevertheless, Plaintiff's claims arise from the following medical problems: frequent urination, face and neck numbness, headaches, eye pain, unauthorized penile surgery, penile and testicular numbness, a penile lump, and high blood pressure. Plaintiff is also alleging a claim for relief based on the failure to provide batteries for his hearing aids.

Appeal log number SATF 03-04903, which received a Director's Level decision, grieved Plaintiff's complaint that medical staff were failing to diagnose his medical issues. (Doc. 98-3, Exhibit B.) Plaintiff's appeal sufficiently references his aforementioned medical issues other than high blood pressure. (Id.) There is no indication in the appeal that Plaintiff had high blood pressure and was not receiving treatment for it. Further appeal log number SATF 02-04817, which received a Director's Level decision, grieved the needs for repairs and batteries for Plaintiff's hearing aids. (Id., Ex. C.)

///

With the exception of the high blood pressure, discussed in the following paragraph, the Court finds that Plaintiff's appeals were sufficient to satisfy the exhaustion requirement in that they placed prison officials on notice as to Plaintiff's medical problems, including lack of batteries for his hearing aids, and his assertion that he was not being properly treated by medical staff. Plaintiff pursued the two appeals through the final level of review, and section 1997e(a) demands no more. To the extent that any Defendant was so minimally involved in these events that there is no basis for the imposition of liability under section 1983, a motion for summary judgment may be used to resolve those unmeritorious claims.

The Court has reviewed Plaintiff's exhibits to his opposition, despite Plaintiff's failure to present them in an orderly manner and despite the duplication of many of the documents, and has identified three appeals relevant to Plaintiff's high blood pressure: SATF-E-04-03548, SATF-E-04-03632, and SATF-E-05-01569. (Doc. 99, pgs. 25, 27, 28-31, 32-34, 39-44, 96-97.) 04-03548 was granted in part at the second level of review on December 7, 2004. It is unclear what the result of 04-03632 was, as the Court has before it only portions of the appeal itself and none of the decisions. Finally, 05-01569 was partially granted at the first level of review on July 12, 2005.

None of these appeals demonstrate exhaustion. It is unclear what happened with 04-03632, so Plaintiff has not met his burden of demonstrating exhaustion of that appeal. The other two appeals were granted in part only in that Plaintiff was provided with a thorough response to his grievance. Neither partial grant relieved Plaintiff of his obligation to pursue the appeal to the next level because higher levels of review were available and Plaintiff's grievances over lack of care for his high blood pressure were not sustained. In addition, 05-01569 would not satisfy the exhaustion requirement in any event because the decision was issued after Plaintiff filed suit and exhaustion must occur prior to filing suit. Jones, 127 S.Ct. at 918-19; McKinney, 311 F.3d at 1199-1201. Accordingly, the Court finds that Plaintiff's allegations concerning his high blood pressure were not exhausted and Plaintiff may not pursue any claims arising from the treatment or lack of treatment for his high blood pressure in this action.

///

///

III.   **Plaintiff's Motion for Summary Judgment**

Plaintiff filed a motion for summary judgment on June 11, 2007.  Pursuant to the Court's order of September 13, 2007, Defendants were relieved of their obligation to file an opposition until such time as they filed their own motion for summary judgment.  However, in conjunction with a review of this case file, the Court conducted a preliminary review of Plaintiff's motion and finds that it is not in compliance with Local Rule 56-260(a).

Local Rule 56-260(a) provides that "[e]ach motion for summary judgment or summary adjudication shall be accompanied by a 'Statement of Undisputed Facts' which shall enumerate discretely each of the specific material facts relied upon in support of the motion and cite the particular portions of any pleading, affidavit, deposition interrogatory answer, admission or other document relied upon to establish that fact."  A moving party's failure to separately enumerate the proffered undisputed facts makes the responding parties' and the Court's burdens unnecessarily and significantly more difficult.  In fact-specific cases such as this, the Court is disinclined to overlook the failure to submit a separately enumerated Statement of Undisputed Facts with citations to the evidence relied upon.  Given the burden imposed by the failure to follow the Local Rule, the Court cannot overlook the deficiency.  The pretrial dispositive motion deadline has been extended by separate order.  Therefore, Plaintiff is not precluded from filing another motion for summary judgment which complies with the rules.  Because Plaintiff's current motion is deficient, the Court recommends that it be stricken from the record.

IV.   **Conclusion and Recommendation**

For the reasons set forth above, the Court HEREBY RECOMMENDS that:

1. Defendants' motion to dismiss for failure to exhaust, filed November 27, 2007, be GRANTED as to Plaintiff's claims arising from his high blood pressure and DENIED as to the other claims; and

2. Plaintiff's motion for summary judgment, filed June 11, 2007, be DENIED, without prejudice, as procedurally deficient.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30)**

1 **days** after being served with these Findings and Recommendations, the parties may file written
2 objections with the Court.  The document should be captioned "Objections to Magistrate Judge's
3 Findings and Recommendations."  The parties are advised that failure to file objections within the
4 specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d
5 1153 (9th Cir. 1991).

7 IT IS SO ORDERED.

8 **Dated:   April 30, 2008**                              /s/ Sandra M. Snyder
                                                          UNITED STATES MAGISTRATE JUDGE