# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANCE BLAINE, | CASE NO. 1:05-cv-00088-LJO-SMS PC |
| Plaintiff, | ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL (Doc. 112) |
| v. | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS (Doc. 109) |
| DARRELL ADAMS, et al., | |
| Defendants. | ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO EXHAUST (Doc. 98) |
| | ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Doc. 79) |

Plaintiff Vance Blaine ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

On May 1, 2008, the Magistrate Judge filed a Findings and Recommendations herein which was served on the parties and which contained notice to the parties that any objections to the Findings and Recommendations were to be filed within thirty days. Plaintiff filed an Objection and a motion seeking the appointment of counsel on May 27, 2008.

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether

1  "exceptional circumstances exist, the district court must evaluate both the likelihood of success of
2  the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity
3  of the legal issues involved." Id. (internal quotation marks and citations omitted).

4      In the present case, the Court does not find the required exceptional circumstances. Even if
5  it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations
6  which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with
7  similar cases almost daily. Further, at this stage in the proceedings, the Court cannot make a
8  determination that Plaintiff is likely to succeed on the merits, and based on a review of the record
9  in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. Id.

10      In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a
11  de novo review of this case. Having carefully reviewed the entire file, the Court finds the Findings
12  and Recommendations to be supported by the record and by proper analysis. Accordingly, IT IS
13  HEREBY ORDERED that:

14      1.    Plaintiff's motion for the appointment of counsel, filed May 27, 2008, is DENIED;
15      2.    The Findings and Recommendations, filed May 1, 2008, is adopted in full;
16      3.    Defendants' motion to dismiss for failure to exhaust, filed November 27, 2007, is
17          GRANTED as to Plaintiff's claims arising from his high blood pressure and
18          DENIED as to the other claims; and
19      4.    Plaintiff's motion for summary judgment, filed June 11, 2007, is DENIED, without
20          prejudice, as procedurally deficient.

22  IT IS SO ORDERED.

23  **Dated:**   **June 10, 2008**            /s/ Lawrence J. O'Neill
                                              UNITED STATES DISTRICT JUDGE