**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Vance Blaine, | No. 1:05-CV-00088-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Darrell Adams, et al., | |
| Defendant. | |

Defendants have filed a motion for summary judgment. Dkt. #115. Plaintiff opposes the motion. Dkt. # 130, 131. Plaintiff has requested another round of discovery and an extension of time to respond to Defendants' motion. Dkt. #136. For the reasons that follow, the Court will grant Defendants' motion for summary judgment and deny Plaintiff's requests.

**I.      Background.**

On September 9, 2005, Plaintiff filed an amended complaint against several doctors, a nurse, a medical assistant, and a correctional officer for failure to provide medical treatment and for forcing treatment without Plaintiff's consent. Dkt. #10. On June 10, 2008, the Court granted Defendants' motion to dismiss Plaintiff's claims arising from his high blood pressure. Dkt. #114. On July 31, 2008, Defendants filed a motion for summary judgment on Plaintiff's remaining claims arising from Defendants' alleged failure to provide hearing aid batteries and an allegedly improper surgery performed on Plaintiff's penis. Dkt. #115.

## II. Legal standard.

A party seeking summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Only disputes over facts that might affect the outcome of the suit will preclude the entry of summary judgment, and the disputed evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex*, 477 U.S. at 323-24. Summary judgment is appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322; *see Citadel Holding Corp. v. Roven*, 26 F.3d 960, 964 (9th Cir. 1994). The moving party need not disprove matters on which the opponent has the burden of proof at trial. *Celotex*, 477 U.S. at 323.

Furthermore, the party opposing summary judgment "may not rest upon the mere allegations or denials of [the party's] pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Brinson v. Linda Rose Joint Venture*, 53 F.3d 1044, 1049 (9th Cir. 1995); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

## III. Request for extension of time.

On July 31, 2008, Defendants filed a motion for summary judgment. Dkt. #115. On August 14, 2008, Plaintiff filed a first motion for an extension of time. Dkt. #120. Magistrate Judge Snyder granted Plaintiff a 120-day extension and ordered that he respond to Defendants' motion by December 23, 2008. Dkt. #121. On December 22, 2008, Plaintiff

filed another motion for an extension of time. Dkt. #123. This Court granted that motion and ordered Plaintiff to respond by June 1, 2009. Dkt. #124. Plaintiff was thus allowed some ten months to prepare his response. On May 28, 2009, Plaintiff filed duplicate copies of his "Notice of motion of Plaintiff's affidavit opposition in support to oppose Defendants motion for summary judgment." Dkt. ## 130, 131. This document is a three page, unsigned affidavit that purports to dispute some of the facts asserted by Defendants. On August 10, 2009, well after the June 1, 2009 deadline to respond to Defendants' motion, Plaintiff filed a motion for "priority and special consideration" in which he requests another round of discovery and an additional 90 days to respond to Defendants' motion, Dkt. #136.

The Court will deny Plaintiff's request for more discovery. This lawsuit was initially filed on January 21, 2005, more than four and one-half years ago. Dkt. #1. Judge Snyder gave the parties until March 28, 2008 to complete discovery. Dkt. #94. On March 24, 2008, Plaintiff filed a motion for the issuance of subpoenas duces tecum. Dkt. # 105. Judge Snyder denied the request because it was filed only four days before the discovery deadline and did not provide sufficient time for service or response before the deadline. Dkt. #111. Plaintiff's current request for an additional round of discovery is well past the initial discovery deadline. Plaintiff was informed by Judge Snyder that any motions to extend the discovery period must be filed before the close of discovery. Dkt. #94. Plaintiff has had ample time to conduct discovery in this case. The Court will deny his request for more time.

The Court will also deny Plaintiff's request for an extension of time to respond to Defendants' motion. Plaintiff was informed by Judge Snyder of the requirements for a responding to a motion for summary judgment. Dkt. #18. Plaintiff was given ten months to respond to the motion. The Court concludes that Plaintiff received ample notice of the requirements for his response and ample time to prepare a response. Plaintiff filed a response by the Court's deadline, showing that he was well aware of it. His request for additional time, filed some two months after the deadline had passed and more than one year after the motion was filed, will be denied.

## IV. Motion for summary judgment.

Defendants have filed a motion for summary judgment along with several signed declarations and a statement of undisputed facts. Dkt. ## 115-117. In response, Plaintiff has submitted one unsigned affidavit. Dkt. ## 130, 131. Plaintiff was clearly informed by Judge Snyder that a "motion supported by affidavits or declarations that are unsigned will be stricken." Dkt. #18 ¶ 6. Here, Plaintiff did not even submit a response to Defendants' motion for summary judgment – only an unsigned affidavit. Because the affidavit fails to comply with Judge Snyder's directives and is not even signed, much less submitted under penalty of perjury, the Court will not consider it in ruling on Defendants' motion for summary judgment.

Rule 56 of the Federal Rules of Civil Procedure provides, in pertinent part:

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must . . . set out specific facts showing a genuine issue for trial. *If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party*.

Fed. R. Civ. P. 56(e) (emphasis added); *see Celotex*, 477 U.S. at 322-23 (summary judgment is appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case"); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) ("When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts.").

The Court will grant Defendants' motion for summary judgment because the undisputed evidence offered in support of the motion shows that there is no genuine issue as to any material fact and that Defendants are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see Celotex*, 477 U.S. at 322-23. Although Plaintiff does not allege a specific violation of the law or the Constitution in his complaint, it appears that Plaintiff is urging a violation of the Eighth Amendment. Plaintiff appears to assert that certain prison doctors unnecessarily and wantonly inflicted pain under color of law by performing surgery on his penis without his consent. He also seems to claim that prison officials acted with deliberate

indifference by knowing of and disregarding an excessive risk to his health and safety when they failed to promptly furnish him with batteries for his hearing aid. Dkt. #1 at 2-10.

Prison officials "violate a prisoner's Eighth Amendment rights if they are deliberately indifferent to his serious medical needs." *Anderson v. County of Kern*, 45 F.3d 1310, 1316 (9th Cir. 1995) (citing *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976)). Deliberate indifference "may appear when prison officials deny, delay, or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988) (citing *Estelle*, 429 U.S. at 104-05). The indifference to medical needs, however, "must be substantial; a constitutional violation is not established by negligence or 'an inadvertent failure to provide adequate medical care.'" *Anderson*, 45 F.3d at 1310 (quoting *Estelle*, 429 U.S. at 105-06); *see Hutchinson*, 838 F.2d at 394 ("Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights."); *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) ("[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.") (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).

With regard to Plaintiff's claim that he was operated upon without his consent, Defendants' uncontested facts demonstrate that Plaintiff consented to the procedure. Dr. Dwivedi states in his declaration that Plaintiff did not undergo a surgery, but rather a Diagnostic Cystoscopy and Urethral Dilation because his primary care physician, Dr. Nguyen, thought Plaintiff might be suffering from an enlarged or infected prostate gland. Dkt. #116-2 at 1-3. Defendants have provided the Court with the consent form signed by Plaintiff . Dkt. # 116-7 at 34-35. Dr. Dwivedi also states that Plaintiff's complaints about the small lump on his penis have no relationship to the cystoscopy; the cystoscopy did not cause the lump. Dkt. #116-2 at 3. Based on the undisputed evidence provided by

Defendants, the Court concludes that Plaintiff consented to the procedure and any lump that later developed was not related to the cystoscopy. Plaintiff has not demonstrated that he suffered any harm, much less that there was an unnecessary and wanton infliction of pain or that the doctors' knew of and disregarded an excessive risk to his health and safety.

Plaintiff also fails to state an Eighth Amendment claim for the failure to timely provide batteries for his hearing aid. Defendants admit that Plaintiff was not provided with hearing aid batteries at times. Assuming that having hearing aid batteries at all times is a serious medical need, Plaintiff has still failed to state a claim under the Eight Amendment. First, Defendants have shown through the declarations of Jeffrey and Sweeney that prisoners were only allowed to have a certain number of batteries in their cells at one time. Dkt. ## 116-5 at 2, 116-6 at 2. Prisoners were not issued new batteries until they returned the old batteries. Plaintiff was found guilty of hoarding batteries in his cell. This was the cause of his inability to obtain new batteries on several occasions. Dkt. ## 116-6 at 2; 116-7 at 65. On the other occasions that Plaintiff did not receive new batteries upon request, the batteries were out of stock because Nurse Jeffrey was new to her position and did not realize that staff was responsible for ordering the batteries and that an enormous quantity of batteries must be ordered for the prison. Dkt. #116-5 at 3. While Plaintiff might argue that this was negligent, the negligent failure to provide batteries does not rise to the level of deliberate indifference to provide medical treatment. *See Anderson*, 45 F.3d at 1316. 323-24.

**IT IS ORDERED:**

1. Defendants' motion for summary judgment (Dkt. #115) is **granted**.
2. Plaintiff's motion seeking another round of discovery and an extension of time (Dkt. #136) is **denied**.
3. The clerk shall terminate this action.

DATED this 31st day of August, 2009.

David G. Campbell
United States District Judge